**STATE**

v.

**Elliott NUNEZ and Roberto Nunez.**

**No. 90–159–C.A.**

Supreme Court of Rhode Island.

March 21, 1991.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Terrence J. Donnelly, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicciline, John M. Cicciline, Providence, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument pursuant to an order directing the defendants to appear and show cause why the state's appeal should not be summarily sustained. The state appeals from an order entered in the Superior Court granting the motions of the defendants to suppress certain evidence seized by a member of the Warwick police department after having been alerted to suspicious conduct by a private security guard employed by the Warwick Mall.

Although the issue of standing was raised by the state, the trial justice did not determine the standing of defendants to object to the detention of two motor vehicles. After stopping the motor vehicles, the Warwick police summoned a narcotics detection dog who reacted positively to the contents of the trunk of one of the vehicles. Thereafter, a search warrant was issued. The trunk was searched, and a large quantity of heroin was seized. The trial justice found that the officers lacked articulable suspicion for the initial detention and that, therefore, said detention was in violation of the Fourth Amendment to the United States Constitution and article 1, section 6, of the Rhode Island Constitution.

After hearing the arguments of counsel and examining the record of the suppression proceedings, we are of the opinion that the trial justice should have decided the issue of standing prior to dealing with the question of articulable suspicion. However, assuming that standing on the part of both the defendants existed to object to the detention of the motor vehicles, we conclude that the trial justice

was clearly wrong in finding that there were insufficient facts to establish articulable suspicion. The conduct reported by the security guard, the observation of the officers that these motor vehicles were operating without lights, the conduct of the drivers of the motor vehicles, all taken together formed a basis for the determination by Sergeant Kevin Collins that criminal activity was afoot. *See United States v. Cortez,* 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Halstead,* 414 A.2d 1138 (R.I.1980). These facts, although concededly not amounting to probable cause, did form a basis for reasonable articulable suspicion. Therefore, the original detention met both State and Federal constitutional requirements.

Consequently the order suppressing the evidence is hereby reversed. The case is remanded to the Superior Court for further proceedings.